UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY A. SANCHEZ,

             Plaintiff,

   v.

DIAZ, et al.,

             Defendants.

No.  1:26-cv-00217-KES-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE

(ECF No. 14)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed March 12, 2026.  Plaintiff's motion must be denied.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek

1

volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

Plaintiff seeks appointment of counsel because: (1) he is indigent and unable to pay for an attorney; (2) his imprisonment impedes his ability to litigate the action since he has limited access to the law library and limited knowledge of the law; (3) his case is complex; (4) a lawyer would be better equipped to present evidence and cross-examine witnesses at trial where there will likely be conflicting testimony.  (ECF No. 14)  The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

Plaintiff's limited access to law library and limited knowledge of the law are "typical of almost every pro se prisoner civil rights plaintiff" and insufficient to satisfy the "exceptional circumstance" standard. See Molina v. Dinh, Case No.: 21CV1593-BTM(BLM), 2023 WL 2637391, at *2 (S.D. Cal. Mar. 24, 2023) (finding that "[p]laintiff's claims of limited access to the law library, limited legal knowledge, difficulty communicating with opposing counsel, and inability to obtain testimony and conduct depositions" did not establish "exceptional circumstances"); Faultry v. Saechao, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal. May 20, 2020) (noting that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); Myers v. Basto, Case No.: 18cv2239-DMS(BLM), 2019 WL 265134, at *1–2 (S.D. Cal. Jan. 18, 2019) (finding that limited access to the prison's law library did not establish exceptional circumstances); Jones v. Kuppinger, No. 2:13–cv–0451 WBS AC P, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.").

Further, the fact that Plaintiff cannot afford legal counsel, does not qualify "as an

2

exceptional circumstance in a prisoner civil rights case." Montano v. Solomon, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010).  Although the Court granted Plaintiff's motion to proceed in forma pauperis, Plaintiff's indigence alone does not entitle him to appointment of counsel. See Callender v. Ramm, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Plaintiff's ability to litigate while incarcerated are normal challenges faced by all prisoners and other pro se litigants, and do not warrant appointment of counsel. Siglar v. Hopkins, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants."). Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. Courtney v. Kandel, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020).  The Court does not find the issues Plaintiff's contention that legal counsel will be necessary in case of a trial, does not demonstrate exceptional circumstances. This case is at the early stages of litigation. And, while the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. Howard v. Hedgpeth, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff has capably filed a complaint and other pleadings in this matter.  Plaintiff's complaint is subject to screening so the Court cannot at this stage assess whether Plaintiff can show a likelihood of success on the merits at this early stage.  Nor can the Court find that Plaintiff's case is "so complex that due process violations will occur absent the presence of counsel." Bonin v. Vasquez, 999 F.2d 425, 428–29 (9th Cir. 1993).  Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **March 16, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge